IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JARVIS LOCKHART,** | CASE NO. 3:23 CV 1159 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **VANESSA JARRETT, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Jarvis Lockhart, an inmate in the Warren Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against Sandusky County Sheriff's Deputies Vanessa Jarrett and Chelsea Mercer, Sandusky County Common Pleas Court Bailiff Candace Talbot, Special Prosecutor Daniel Arnold, Sandusky County Prosecutor Laura Alkire, Sandusky County Common Pleas Court Judge Jon Ickes, Visiting Judge James Bates, Sandusky County Sheriff Chris Hilton, Sandusky County Prosecutor Beth Tischler, and Sandusky County Commissioners Russ Zimmerman, Scott Miller, and Charles Schwochow. *See* Doc. 1-1. Plaintiff claims he was wrongfully accused of assaulting a Sheriff's Deputy in a court elevator after his sentencing in another case. *Id.* at 5-9. He asserts claims for malicious prosecution, libel, slander, defamation, and intentional infliction of emotional distress. *Id.* at 5, 9. He seeks compensatory and punitive damages. *Id.* at 9. For the following reasons, Plaintiff's claims are dismissed.

### BACKGROUND

Plaintiff alleges that on September 21, 2021, he was in the Sandusky County Court of Common Pleas for sentencing in another criminal case. *Id.* at 5. He admits he was unhappy with

the sentencing outcome. *Id.* at 5. He says the prosecution was based on his "knocking [over] a bottle of soda on a bench in the hallway" and he heard his public defender laughing at him. *Id.* He was turning to confront his attorney when deputies escorting him from the courtroom pushed him onto the elevator. *Id.* He claims Deputies Jarrett, Mercer, and Darling[1] later testified that Plaintiff had refused to enter the elevator and became dead weight. *Id.* Once on the elevator, Jarrett ordered Plaintiff to turn around and face the wall. *Id.* Plaintiff admits that he refused to comply and invited the Deputy to "make" him turn around. *Id.* at 5-6. Plaintiff contends Jarrett then laid down on the floor and began screaming for help, claiming Plaintiff had attacked her. *Id.* at 6. Detective Holskey from the Fremont Police Department[2] and Darling entered the elevator to assist. *Id.*

Plaintiff claims Darling later testified he helped to push Plaintiff onto the elevator and Plaintiff was pushing the officers back when Darling witnessed Jarrett fall. *Id.* Mercer's testimony echoed Darling's, except Mercer claimed that at some point, Jarrett either fell or got knocked down. *Id.* Plaintiff denies he pushed the Deputies. *Id.* Plaintiff was arrested and charged with assault of an officer with a repeat violent offender specification. *Id.* at 6-7. He was indicted by a Sandusky County Grand Jury on November 5, 2021. *Id.* at 7. The case proceeded to a jury trial on June 7, 2022; the jury found Plaintiff not guilty of felonious assault. *Id.*; *see State v. Lockhart*, No. 21 CR 844 (Sandusky Cnty. Ct. of Common Pleas).

Plaintiff brings this action for malicious prosecution, libel, slander, defamation, and intentional infliction of emotional distress. *Id.* at 5. He contends Deputies Jarrett and Mercer lied or made misleading statements in an attempt to get him convicted. *Id.* He contends Prosecutor Alkire is liable for malicious prosecution by allowing false and misleading statements to be made

---

1. Deputy Darling is not a named Defendant in this case. *See* Doc. 1-1, at 1, 4.
2. Detective Holskey is not a named Defendant in this case. *See* Doc. 1-1, at 1, 4.

to the Grand Jury to obtain an indictment. *Id.* He asserts Judge Ickes is liable for malicious prosecution for allowing the prosecution to initiate charges and for negligently supervising his subordinates. *Id.* at 7. He contends Special Prosecutor Arnold is liable for malicious prosecution for trying the case when he knew or should have known that the testimony of the Deputies was false and misleading. *Id.* He also contends Arnold declared in his closing statement at trial that Plaintiff's last act of defiance was to throw his body around the elevator causing serious injury to Deputy Jarrett. *Id.* at 7-8. He asserts Bailiff Talbot is liable for malicious prosecution, slander, and perjury for testifying Plaintiff was out of control and trying to fight the deputies. *Id.* at 8. Plaintiff asserts Judge Bates is liable for malicious prosecution for denying his attorney's motion for acquittal when the state clearly had not presented evidence of assault. *Id.* He claims the Sandusky County Sheriff and the Sandusky County Prosecutor are liable for negligent supervision of their employees. *Id.* Finally, he claims the Sandusky County Commissioners are liable "because they know about and condone even created a policy or custom under which unconstitutional practices occur and allow the continuation of the unconstitutional practices." *Id.*

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

Immunity

Before addressing the merits of Plaintiff's claims, the Court must dismiss those Defendants who are absolutely immune from suit for damages. Plaintiff sues two judges for decisions they made from the bench which he deemed to be unfavorable. Judges, however, are absolutely immune from civil suits which derive from decisions they made and actions they committed while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Immunity is overcome only when the conduct alleged is performed at a time when the defendant is acting as a private citizen, not as a judge, or when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A lack of subject matter jurisdiction over the case is different from making a decision that is later reversed as being

4

contrary to the law. A judge will not be deprived of immunity even if the action he or she took was performed "in error, was done maliciously, or was in excess of his or her authority". *Barnes*, 105 F.3d at 1115 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Ickes and Bates were both Common Pleas Court Judges. The Common Pleas Court has subject matter jurisdiction over prosecutions for alleged violations of Ohio criminal statutes. Furthermore, Plaintiff's claims against these Defendants are based solely on decisions they made in the course of presiding over his criminal case. These Defendants are absolutely immune from suit in this case.

Similarly, prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Immunity is granted not only for actions directly related to initiating and presenting a prosecution, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Plaintiff's claims against prosecutors Arnold and Alkire are based on their presentation of the State's case to the grand jury and to the petit jury. Arnold and Alkire are absolutely immune from damages for these actions.

Furthermore, witnesses at trial are absolutely immune from liability for claims based upon their testimony in judicial proceedings. *Briscoe v. Lahue*, 460 U.S. 325, 328 (1983). Plaintiff's claims against Talbot and Mercer are based on the testimony they gave to the grand jury and to the petit jury. They are also absolutely immune from damages.

Non-Participants

In addition to the Defendants who are absolutely immune from suits for damages, Plaintiff brings claims against individuals who were not present when the incident occurred and did not

participate directly in the criminal proceedings. He claims that the Sandusky County Sheriff and the Sandusky County Prosecutor are guilty of negligently supervising their employees. He contends the Sandusky County Commissioners created policies and customs under which unconstitutional conduct occurs. He does not elaborate on this allegation to identify a particular custom or policy, nor does he identify a particular constitutional right which these Defendants violated. Supervisors may be held liable for the unconstitutional conduct of their subordinates in only certain limited circumstances. The United States Supreme Court has held that "government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Therefore, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Instead, "supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor." *Id.* at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless the plaintiff's complaint affirmatively pleads the direct involvement of the defendant in an allegedly unconstitutional action, the complaint fails to state a claim against that defendant and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

The standard the Court must apply to determine if a supervisor's failure to supervise or train is actionable is whether the supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it." *Peatross*, 818 F.3d at 242. This means that, "at a minimum, the plaintiff must show the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (internal quotation omitted). Additionally, there must also be a "causal connection between the defendant's

wrongful conduct and the violation alleged." *Id*. Plaintiff's Complaint fails to plausibly allege that Zimmerman, Miller, Schwochow, Hilton, or Tischler implicitly authorized, approved, or knowingly acquiesced in any allegedly unconstitutional conduct of their subordinates. The claims against these Defendants are therefore dismissed.

Claims Against Deputy Jarrett

The only remaining claims are those against Deputy Jarrett. Plaintiff first asserts Jarrett engaged in malicious prosecution in violation of his Fourth Amendment rights. To succeed on a malicious prosecution claim under 42 U.S.C. § 1983 when the claim is a violation of the Fourth Amendment, a plaintiff must prove: (1) a criminal prosecution was initiated against him and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, the plaintiff suffered a "deprivation of liberty," apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-10 (6th Cir. 2010).

Plaintiff fails to show elements two and three. First, the Grand Jury found there was probable cause for the criminal prosecution and issued an indictment. *Friedman v. United States*, 927 F.2d 259, 262 (6th Cir. 1991) (stating probable cause is presumed when there has been a grand jury indictment); *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) ("the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer") (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)). Plaintiff's subsequent acquittal does not negate the finding of probable cause, as the standard for conviction – beyond a reasonable doubt – is a much higher standard of proof than required to establish probable cause. *See Bradley v. Reno*, 749 F.3d

553, 556 (6th Cir. 2014). Second, Plaintiff has not alleged he was deprived of his liberty, apart from the initial seizure, as a consequence of this criminal proceeding. Plaintiff had been convicted and sentenced in another criminal action and was serving time for that offense. Plaintiff therefore fails to state a plausible claim for malicious prosecution.

All of Plaintiff's other claims against Jarrett arise, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines to exercise supplemental jurisdiction to hear his state law claims and these claims are dismissed without prejudice.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE